CETEWAYO ASKIA BRIGGS,      )
                           )
        Petitioner,         )        Civil No. 5: 13-183-JMH
                           )
v.                         )
                           )
WARDEN FRANCISCO QUINTANA,  )        **MEMORANDUM OPINION**
                           )            **AND ORDER**
        Respondent.         )

                    ***    ***    ***    ***

        Cetewayo Askia Briggs is an inmate confined at the Federal
Medical Center in Lexington, Kentucky.  Proceeding without counsel,
Briggs has filed a petition for a writ of habeas corpus pursuant to
28 U.S.C. § 2241.  [R. 1]

        The Court conducts an initial review of habeas corpus
petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of
Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The Court must
deny the petition "if it plainly appears from the petition and any
attached exhibits that the petitioner is not entitled to relief."
Rule 4 of the Rules Governing § 2254 Cases in the United States
District Courts (applicable to § 2241 petitions pursuant to Rule
1(b)).  The Court evaluates Briggs's petition under a more lenient
standard because he is not represented by an attorney.  *Erickson v.
Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573
(6th Cir. 2003).  At this stage, the Court accepts the petitioner's
factual allegations as true, and his legal claims are liberally

construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On January 11, 2000, Briggs and a co-conspirator were indicted in the Western District of Michigan for conspiracy to manufacture cocaine base in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A)(iii), and 846, and manufacturing cocaine base in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(iii). Following a jury trial, on March 21, 2000, Briggs was convicted of both offenses. On August 23, 2000, the trial court sentenced Briggs to a 240-month term of incarceration. *United States v. Briggs*, No. 1:00-cr-10-RHB-2 (W.D. Mich. 2000).

On direct appeal, Briggs asserted numerous grounds for reversal, including that the trial court's determination of the drug quantity involved under a preponderance of the evidence standard violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Sixth Circuit found *Apprendi* inapplicable because Briggs's sentence did not exceed the 20-year maximum found under 18 U.S.C. § 960(b)(2)(B), and affirmed Briggs's conviction on December 14, 2001. *United States v, Briggs*, 27 F. App'x 547 (6th Cir. 2001). On November 16, 2010, the trial court reduced Briggs's sentence to 216 months pursuant to 18 U.S.C. § 3582(c).

In his petition, Briggs contends that his conviction and sentence should be vacated because his trial counsel was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). [R. 1-1, pp. 8-14] The Court must deny the

petition because Briggs may not assert an ineffective assistance of counsel claim under *Strickland* in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999); *but see Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241.").

Briggs's claim that his trial counsel was constitutionally ineffective under *Strickland* is one that he could and should have asserted on direct appeal or in an initial motion to vacate his conviction under 28 U.S.C. § 2255. Because this claim, even if meritorious, did not convict him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, it is not cognizable in a habeas corpus proceeding under Section 2241. *Charles*, 180 F.3d at 758; *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003); *White v. Patton*, No. 06-cv-132-HRW, 2006 WL 2692713, at *2 (E.D. Ky. Sept. 18, 2006)

(holding that claim that trial counsel was ineffective was not a claim of "actual innocence" so as to fit within the savings clause of § 2255(e)). The Court will therefore deny his petition for habeas relief under § 2241.

Accordingly, **IT IS ORDERED** that:

1.    Briggs's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2.    The Court will enter a judgment contemporaneously with this order.

3.    This matter is **STRICKEN** from the docket.

This the 16th day of September, 2013.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge